**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

_____ )
)
MICHAEL DETTLING, LADONNA LINDSEY,         )
PATRICIA OWENS, KIMBERLY PERRY, and        )
MICHAEL ZDANOVICH,                         )
on behalf of themselves and a class of similarly     )          Case No.
situated former employees of Defendants,           )          Hon.
)
            Plaintiffs,                     )          **COMPLAINT**
)          **AND JURY DEMAND**
      v.                                    )
)
MEDTECH COLLEGE, LLC, SANZ SCHOOL,         )
INC., RADIANS COLLEGE, LLC, JTC            )
EDUCATION, INC.,  JTC EDUCATION            )
HOLDINGS, INC., and EXCELLERE              )
PARTNERS, LLC,                             )
)
            Defendants.                     )
)
_____)

**COMPLAINT**
**AND JURY DEMAND**

Plaintiffs, on behalf of themselves and a class of those similarly situated former

employees of Defendants, allege:

**NATURE OF THE ACTION**

1.      Plaintiffs bring this action on behalf of themselves and other similarly situated

former employees of Defendants who were terminated without cause as part of, or as the result

of, mass layoffs or plant closings ordered by Defendants and who were not provided 60 days

advance written notice of their terminations as required under the Worker Adjustment and

Retraining Notification Act, 29 U.S.C. § 2101 et seq. ("WARN Act").

1

2.     Plaintiffs and other similarly situated former employees seek to recover 60 days wages and benefits pursuant to 29 U.S.C. § 2104, none of which has been paid.

3.     Defendants are a "single employer" under the WARN Act.  As such, each is liable for the failure to provide Plaintiffs and other similarly situated former employees at least 60 days advance written notice of termination.

## JURISDICTION & VENUE

4.     The Court has jurisdiction over this matter under 29 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

5.     Venue is proper under 29 U.S.C. § 2104(a)(5) because the violation of the WARN Act alleged occurred in this judicial district and also because Defendants transact business in this judicial district.

## PARTIES

6.     Plaintiff Michael Dettling was employed by Defendants as an English as a Second Language instructor at Medtech's Falls Church campus until terminated on August 10, 2016.

7.     Plaintiff LaDonna Lindsey was employed by Defendants as Assistant Director of Admissions at Radians until terminated on August 24, 2016.

8.     Plaintiff Patricia Owens was employed by Defendants as an Externship Coordinator at Medtech's District of Columbia campus until terminated on August 10, 2016.

9.     Plaintiff Kimberly Perry was employed by Defendants as Director of Admissions at Medtech's Silver Spring campus until she was informed of her termination on August 02, 2016 and completed her last day of employment on August 24, 2016.

10.    Plaintiff Michael Zdanovich was employed by Defendants as an English as a Second Language instructor at Medtech's Falls Church campus until he was terminated on August 10, 2016.

11.    The members of the putative class were also employed by Defendants until they were terminated in either August or September of 2016.

12.    Defendant Sanz School Inc., d/b/a Medtech College and Medtech Institute, is a District of Columbia corporation with its principal place of business located at 6612 East 75th Street, Suite 200, Indianapolis, IN 46250.  Sanz School Inc. is wholly owned by Defendant JTC Education, Inc.  As a single employer with Defendant Medtech College LLC and all other Defendants, Sanz School Inc. owned and operated the Medtech campuses located at:

   a.   6565 Arlington Blvd., Ste. 100, Falls Church, VA 22042;

   b.   529 14th Street NW, Washington, DC 20045; and

   c.   1100 Wayne Ave., Ste. 100, Silver Spring, MD 20910.

13.    Defendant Medtech College, LLC, d/b/a Medtech College and Medtech Institute, is an Indiana limited liability company with its principal place of business located at 6612 E. 75th Street, Suite 200, Indianapolis, IN 46250.  Medtech LLC is wholly owned by Defendant JTC Education, Inc.  As a single employer with Defendant Sanz School Inc. and all other Defendants, Medtech LLC owned and operated the Medtech campuses located at:

   a.   6565 Arlington Blvd., Ste. 100, Falls Church, VA 22042;

   b.   529 14th Street NW, Washington, DC 20045; and

   c.   1100 Wayne Ave., Ste. 100, Silver Spring, MD 20910.

14.    Defendant Radians College LLC, d/b/a Radians College, is a District of Columbia limited liability company with its principal place of business located at 6612 E. 75th Street, Suite

3

200, Indianapolis, IN 46250.  Radians College LLC is wholly owned by Defendant JTC Education, Inc.  As a single employer with all other Defendants, Radians College LLC owned and operated a campus located at 1025 Vermont Ave., Washington, DC 20005.

15.     Defendant JTC Education, Inc. ("JTC") is a Delaware corporation and a wholly owned subsidiary of Defendant JTC Education Holdings, Inc.  Its principal place of business is located at 6612 E. 75th Street, Suite 200, Indianapolis, IN 46250.

16.     Defendant JTC Education Holdings, Inc. ("Holdings") is a Delaware corporation with its principal place of business located at 6612 E. 75th Street, Suite 200, Indianapolis, IN 46250.

17.     Defendant Excellere Partners, LLC ("Excellere") is a Delaware limited liability company registered in the state of Delaware.  Its principal place of business is located at 3033 East First Avenue, Suite 700, Denver, CO 80206.

<u>GENERAL ALLEGATIONS</u>

18.     Prior to their termination, Plaintiffs and the class members were employed by Defendants and working at Medtech College, Medtech Institute, and/or Radians College.

19.     At all times material hereto, Defendants employed one hundred (100) or more full-time workers.

20.     Medtech College is a for-profit college in Falls Church, Virginia.  It has a branch in the District of Columbia which also operates under the trade name Medtech College.  It has a branch in Silver Spring, MD which operates under the trade name Medtech Institute. Hereinafter, these three campuses are collectively referred to as "Medtech."

21.     Radians College ("Radians") is a for-profit college in the District of Columbia and is an affiliate brand of Medtech.

4

22.     On or about August 1, 2016, some workers at Medtech's Falls Church campus were informed verbally that the school would be reducing staff.  These workers were terminated that day.

23.     On or about August 10, 2016, any remaining workers at Medtech's Falls Church campus were informed either verbally, by text message, or by email that the school would be ceasing operations and their employment was immediately terminated.

24.     On or about August 1, 2016 and August 2, 2016, some workers at Medtech's Silver Spring campus were informed verbally or by email that the school would be reducing staff.  These workers were terminated that day.

25.     On or about August 10, 2016, any remaining workers at Medtech's Silver Spring campus were informed verbally that the school would be ceasing operations and their employment was immediately terminated.

26.     On or about August 1, 2016, some workers at Medtech's District of Columbia campus were informed verbally that the school would be reducing staff.  These workers were terminated that day.

27.     On or about August 10, 2016, any remaining workers at Medtech's District of Columbia campus were informed verbally that the school would be ceasing operations and their employment was immediately terminated.

28.     On or about August 24, 2016, Radians employees were informed the school would be ceasing operations.  On that date, nearly all workers were released except for some faculty in the Practical Nursing program and staff necessary to wrap up affairs.

29.     At all times material hereto, Defendants, and each of them, were a "single employer" with all other Defendants for reasons including but not limited to:

a.      the lack of independence between parent and subsidiary;

b.      common ownership;

c.      common directors;

d.      actual control;

e.      de facto control;

f.      unitary corporate policies; and

g.      dependency of operations.

30.     Excellere, together with or through JTC and/or Holdings, maintained an ownership interest in Medtech and Radians, had ongoing involvement in Medtech's and Radians' financial matters, and operated the schools as a going concern.

31.     At all pertinent times, Excellere, JTC, and Holdings regularly directed the operations of Medtech and Radians and were solely or jointly the decision makers responsible for the employment practice giving rise to the litigation.

32.     Upon information and belief, David Kessenich, co-founder and managing partner of Excellere, is also a director and/or officer of JTC, Medtech, LLC, Sanz School, Inc., and Radians College, LLC and was integrally involved in the operations and decision-making of each entity.

33.     Upon information and belief, Patrick O'Keefe, principal of Excellere, is also director and/or officer of Holdings, JTC, Medtech LLC, Sanz School, Inc., and Radians College, LLC and was integrally involved in the operations and decisionmaking of each entity.

34.     Upon information and belief, William Winkowski, director of Holdings, is also a director and/or officer of JTC, Medtech LLC, Sanz School, Inc., and Radians College, LLC and was integrally involved in the operations and decision-making of each entity.

35.     Upon information and belief, Gail Myers, director of Holdings, is also a
director/and or officer of JTC, Medtech LLC, Sanz School, Inc., and Radians College, LLC and
was integrally involved in the operations and decision-nmaking of each entity.

36.     Upon information and belief, Ryan Heckman, co-founder of Excellere, is a
director and/or officer of Sanz School, Inc. and played a role in the operations and decision-
making of each entity.

37.     Upon information and belief, John Hopkins is a director and/or officer of
Holdings, JTC, and Sanz School, Inc. and was integrally involved in the operations and decision-
making of each entity.

38.     Upon information and belief, Mark Bogovich, director and/or officer of JTC, is
also a director and/or officer of Sanz School, Inc. and was integrally involved in the operations
and decision-making of each entity.

39.     Upon information and belief, Mark Millen, the campus president of Medtech's
Silver Spring campus, is also a director and/or officer of Holdings and was integrally involved in
the operations and decision-making of each entity.

40.     The termination email sent to Radians faculty and staff on August 24, 2016 was
from the "Medtech Board of Directors."

41.     Upon information and belief, all paychecks issued to Plaintiffs and the class
members were issued by Holdings and all human resources matters, including pay and benefits,
were directed to and handled by JTC and/or Holdings.

42.     Upon information and belief, all employees of Medtech and Radians who
received health benefits or participated in a retirement plan did so with JTC and/or Holdings as

the single employer sponsoring these health and retirement plans.  Upon further information and belief, JTC and/or Holdings handled the administrative matters associated with these plans.

43.     Hiring and firing decisions were made by officers or directors of JTC and/or Holdings, and not limited to management-level employees at each campus.

44.     Medtech had a single Office of Postsecondary Education Identification number (OPE-ID) assigned by the U.S. Department of Education.  The OPE-ID indicates Medtech's Falls Church campus is the main campus and the Silver Spring and District of Columbia campuses are additional branches.  Medtech's Title IV participation eligibility was determined for the three campuses as one unit.

45.     Medtech was accredited by the Commission of the Council on Occupational Education as an institution in Falls Church with a branch campus in Silver Spring and a branch campus in the District of Columbia.

46.     Plaintiffs and other similarly situated former employees of Defendants received less than 60 day notice of their terminations, if notice was given at all.  Any notice given did not satisfy the requirements of the WARN Act.

47.     The terminations affected more than 50 full-time workers at each facility operating as a single site of employment.

48.     In the alternative, the terminations affected more than 50 full-time workers at facilities operating together as a single site of employment.  The following facts, among others, demonstrate that the campuses operated together as a single employment site:

        a.      the four campuses, located in the D.C. metropolitan area, are all in a
        reasonable geographic proximity;

b.      the four campuses share the same operational purpose of medical career education in the metropolitan D.C. area;

c.      the campuses regularly shared employees;

d.      two Medtech campuses, Falls Church and D.C., share a course catalog and course catalog supplement, which is identical in substance to the catalogs at Medtech's Silver Spring campus and Radians;

e.      postings for available jobs were made internally and the campuses hired and promoted from within;

f.      the campuses regularly had trainings, conferences, and seminars together;

g.      committees were shared amongst the campuses;

h.      the campuses shared information technology services and other resources;

i.      the campuses shared staff and facilities for events, including but not limited to events such as graduation commencement ceremonies; and

j.      the campuses had student enrollment overlap.

## CLASS ACTION ALLEGATIONS

49.      Plaintiffs bring this action on behalf of themselves and other similarly situated former employees pursuant to Fed. R. Civ. P. 23(a) and (b)(3) and 29 U.S.C. § 2104(a)(5).

50.      The class is so numerous as to render joinder of all members impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

51.      The identities and recent residence address of the class members are contained in Defendants' books and records.

52.     The rate of pay and the benefits being paid or provided by Defendants to each class member at the time of termination are contained in Defendants' books and records.

53.     Common questions of law and fact are applicable to all class members and predominate over any questions affecting only individual members.  The common questions of law and fact arise from and concern the following facts, among others:

       a.      all class members enjoyed the protection of the WARN Act;

       b.      all class members were employees of Defendants;

       c.      Defendants terminated the employment of all class members without cause on their part;

       d.      Defendants terminated the class members' employment without giving at least 60 days prior written notice as required by the WARN Act; and

       e.      Defendants failed to pay class members' wages and benefits for a 60-day period following their respective terminations.

54.     Plaintiffs' claims are typical of the claims of the class in that for each of the several acts of Defendants described above, Plaintiffs and each of the other class members are injured parties with respect to his or her rights under the WARN Act.

55.     Plaintiffs will fairly and adequately protect and represent the interests of the class.

56.     Plaintiffs have the time and resources to prosecute this action.

57.     Plaintiffs have retained the undersigned counsel who have extensive experience litigating employee rights' claims, WARN Act claims, and other claims in federal court.

58.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

59.     No class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

60.     No litigation concerning the WARN Act rights of any class member has been otherwise commenced.

61.     Concentrating all potential litigation concerning the WARN Act rights of the class members in this Court will avoid multiplicity of suits, will conserve judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all class members.

62.     Class certification is also proper pursuant to the WARN Act, 29 U.S.C. § 2104(a)(5), which provides that a person seeking to enforce WARN Act liability may sue for other persons similarly situated in any district court of the United States in which the violation is alleged to have occurred or in which the employer transacts business.

63.     Each class member is similarly situated to Plaintiffs with respect to his or her rights under the WARN Act.

64.     Plaintiffs and the other similarly situated former employees are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

## COUNT I
## VIOLATION OF THE WARN ACT
### [29 U.S.C. § 2101 *et seq.*]

65.     Under the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*, Plaintiffs and each class member had a right to receive written notice at least 60 days before the date of a mass layoff or plant closing.

66.     Defendants failed to provide 60 days written notice of termination to Plaintiffs and other similarly situated former employees at each facility operating as a single site of

employment with more than 50 full-time employees.  As a result, Defendants violated their obligations under the WARN Act.

67.     In the alternative, Defendants failed to provide 60 days written notice of termination to Plaintiffs and other similarly situated former employees at facilities operating together as a single site of employment with more than 50 full-time employees.  As a result, Defendants violated their obligations under the WARN Act.

68.     Defendants' actions that resulted in a violation of the WARN Act entitle Plaintiffs and each class member to recover an amount equal to the sum of:

        a.     wages, salary, commissions, bonuses, accrued pay for vacation and personal days, for 60 days prior to their respective terminations;

        b.     the value of pension, 401(k) contributions, health and medical insurance, and other fringe benefits for the 60 days prior to their respective terminations; and

        c.     actual medical expenses or other expenses incurred during the 60 days calendar day period following their respective terminations that would have been covered and paid under Defendant's health or other insurance plans had coverage under that plan continued for such period.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request relief and judgment in their favor, and in the favor of each class member, against Defendants as follows:

        a.     Appointment of Plaintiffs as class representatives;

        b.     Appointment of the undersigned as class counsel;

        c.     Damages in the amount of: (a) wages, salary, commissions, bonuses, accrued pay for vacation and personal days, for the work days in 60 calendar days prior

to their respective terminations, (b) pension, 401(k) contributions, health and medical insurance and other fringe benefits for 60 calendar days prior to their respective terminations; and (c) medical and other expenses incurred during the 60 calendar day period following their respective terminations that would have been covered and paid under the Defendants' health insurance or other benefits plans had coverage under that plan continued for such period;

     d.     Reasonable attorneys' fees and the costs and disbursements of prosecuting this action;

     e.     Interest as allowed by law; and

     f.     Such other further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues triable by a jury.

Respectfully Submitted,

/s/
Mark Hanna (VA Bar No. 45442)
Rachel Capler (*pro hac vice* forthcoming)
Murphy Anderson PLLC
1401 K Street NW, Suite 300
Washington, DC 20005
Tel: (202) 223-2620
Fax: (202) 296-9600
*mhanna@murphypllc.com*
*rcapler@murphypllc.com*

John Philo (*pro hac vice* forthcoming)
Anthony Paris (*pro hac vice* forthcoming)
Maurice & Jane Sugar Law Center
for Economic & Social Justice
4605 Cass Ave., Second Floor
Detroit, MI 48201

Tel: (313) 993-4505
Fax: (313) 887-8470
*jphilo@sugarlaw.org*
*tparis@sugarlaw.org*

Dated: January 4, 2017                    **Counsel for Plaintiffs**