**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| MICHAEL DETTLING, LADONNA LINDSEY, PATRICIA OWENS, KIMBERLY PERRY, and MICHAEL ZDANOVICH, on behalf of themselves and a class of similarly situated former employees of Defendants,<br><br>Plaintiffs,<br><br>v.<br><br>MEDTECH COLLEGE, LLC, SANZ SCHOOL, INC., RADIANS COLLEGE, LLC, JTC EDUCATION, INC., JTC EDUCATION HOLDINGS, INC., and EXCELLERE PARTNERS, LLC,<br><br>Defendants. | Case No. 1:17-cv-00009 AJT-MSN<br>Hon. Anthony J. Trenga |

**JOINT MOTION FOR (1) CLASS CERTIFICATION FOR PURPOSES OF SETTLEMENT ONLY; (2) APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL; (3) PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT; (4) APPROVAL OF FORM AND MANNER OF NOTICE TO CLASS; (5) SCHEDULING OF A FAIRNESS HEARING FOR THE FINAL CONSIDERATION AND APPROVAL OF THE SETTLEMENT; AND (6) FINAL APPROVAL OF SETTLEMENT**

Plaintiffs Michael Dettling, LaDonna Lindsey, Patricia Owens, Kimberly Perry, and Michael Zdanovich ("Representative Plaintiffs"), on behalf of themselves and a class of similarly situated former employees (collectively, with Representative Plaintiffs, "Class Members" or "Plaintiffs"), and Defendants Med Tech College, LLC, Sanz School, Inc., Radians College, L.L.C., JTC Education, Inc., JTC Education Holdings, Inc. (collectively, the "Med Tech Defendants"), and Excellere Partners, LLC ("Excellere," collectively, with Med Tech

1

Defendants, the "Defendants"), by and through their respective counsel of record, submit this Joint Motion for: (1) Class Certification for Purposes of Settlement Only; (2) Appointment of Class Representatives and Class Counsel; (3) Preliminary Approval of the Settlement Agreement between Plaintiffs, on behalf of themselves and the Settlement Class, and Defendants; (4) Approval the Form and Manner of Notice to Class; (5) Scheduling of a Final Fairness Hearing for the final consideration and approval of the Settlement; and (6) Final Approval of the Settlement (the "Joint Motion").

In support of their Joint Motion, Plaintiffs and Defendants (the "Parties") respectfully submit the following:

## JURISDICTION

1. The Court has jurisdiction over this Joint Motion under 28 U.S.C. § 1331. Venue of this proceeding and this Joint Motion is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## BACKGROUND

2. Representative Plaintiffs are former employees of Sanz School, Inc. and Radians College, L.L.C. who worked at or reported to: (a) 6565 Arlington Blvd., Ste. 100, Falls Church, VA 22042; (b) 529 14th Street, NW, Washington, D.C. 20045; (c) 1100 Wayne Ave., Ste. 100, Silver Spring, Maryland MD 20910; and (d) 1025 Vermont Ave., NW, Washington, D.C. 20005 who had their employment terminated as part of the campus closings that occurred in August and September 2016.

3. On January 4, 2017, the Representative Plaintiffs filed a class action lawsuit against Defendants alleging violations of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* ("WARN Act").

4. Defendants deny all material allegations set forth in the Complaint.

5. Defendant Excellere filed a motion to dismiss on February 13, 2017. The Court granted the motion, without prejudice, on March 16, 2017.

6. On March 22, 2017, the Parties, including Defendant Excellere, attended a settlement conference with Magistrate Judge Michael S. Nachmanoff. Prior to and in preparation for this settlement conference, the Parties shared information, arguments and supporting authorities, and damages analyses. As a result of the settlement conference, the Parties have negotiated a Settlement Agreement and Release, attached hereto as Exhibit 1, that upon approval by the Court will resolve all issues among Defendants and the Class Members relating to the WARN Act claims arising from the cessation of the Class Members' employment.

## THE PREREQUISITES FOR CLASS CERTIFICATION ARE SATISFIED FOR PUPOSES OF SETTLEMENT

7. Class certification under Federal Rule of Civil Procedure 23 requires four elements to be met, namely, 23(a)(1), (2), (3), and (4) and, in addition, that at least one condition set forth in Rule 23(b) to be satisfied. All prerequisites for class certification are present for settlement purposes.

8. Fed. R. Civ. P. 23(a)(1) requires that the class sought to be certified be so numerous that joinder of all members is impracticable. Here, for the purposes of settlement, the numerosity factor of Rule 23(a)(1) is met because the proposed class numbers approximately 166 former employees, which makes joinder impracticable. *See Finnan v. L.F. Rothschild & Co., Inc.*, 726 F. Supp. 460, 465 (S.D.N.Y. 1989) (certifying class of 127 employees)).

9. Rule 23(a)(2) mandates that "questions of law or fact common to the

class" exist. Fed. R. Civ. P. 23(a)(2). Here, for purposes of settlement, the commonality factor of Rule 23(a)(2) is met because there are numerous questions of law or fact common to every member of the class, including:

    (a)    Whether Defendants, alone or in some combination, meet the threshold level of employees to be subject to the WARN Act;

    (b)    Whether a sufficient number of employees suffered a "loss of employment" as defined in the WARN Act to trigger an advance notice obligation;

    (c)    Whether the Defendants provided notice to the Class Members;

    (d)    Whether any such notice, if provided, was adequate and in compliance with the pertinent regulations;

    (e)    Whether such notice was defective;

    (f)    Whether Defendants were entitled to give less than 60 days notice because of reasonably unforeseeable business circumstances;

    (g)    Whether Defendants have other defenses to the application of the WARN Act;

    (h)    Whether Defendants gave "as much notice as is practicable;" and

    (i)    Whether any Defendant is a "single employer" under the WARN Act.

The Class Members' claims raise identical issues regarding the circumstances surrounding their layoffs and, thus, the alleged violations of the WARN Act. The only differences in the issues affecting the Class Members' circumstances are the locations at which they worked, the manner in which they were informed of their termination[1], and their rate of pay on the date of layoff.

---

[1] It is the Representative Plaintiffs' position that no matter how each class member was informed of their termination, that notice was defective under the WARN Act. As such, the proposed damages of the Class Members are calculated as if they had received no notice at all.

These differences do not outweigh the questions of law and fact that are common to every class member.

10. Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The Supreme Court has held that "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *General Tel. Co. v. Falcon*, 457 U.S. 147, 156 (1982). The typicality factor of Rule 23(a)(3) is met here as "the claims . . . of [Plaintiffs who are] the representative parties [are] typical of the claims . . . of the class." Fed. R. Civ. P. 23(a)(3). There is at least one Representative Plaintiff from each campus and the Representative Plaintiffs have the same claims based on the same facts as the other class members.

11. Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Supreme Court in *Amchem* noted that "[t]he adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997). The adequacy factor of Rule 23(a)(4) is met here. Representative Plaintiffs, the proposed class representatives, have and will diligently prosecute this action, have no conflicts of interest with the other class members, and have and will continue to diligently represent and protect the interests of the class. In addition, the Representative Plaintiffs have engaged counsel, Murphy Anderson PLLC and the Maurice & Jane Sugar Law Center for Economic & Social Justice, which have experience prosecuting employment class actions and WARN actions. Accordingly, the four prerequisites of Rule 23(a) for class certification are met in this action.

12. In addition to the Rule 23(a) requirements, any proposed class action must also fall into one of three categories permitted under Rule 23(b). Here, for purposes of settlement, the proposed class meets the requirements of Rule 23(b)(3). Fed. R. Civ. P. 23(b)(3). The common questions of law and fact detailed in Paragraph 9 that affect the Class Members predominate over any questions affecting only individual members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because:

(a) No class member has an interest in individually controlling the prosecution of a separation action under the WARN Act;

(b) No other litigation concerning the WARN Act rights of any class member is currently pending to the Parties' knowledge;

(c) Concentrating all potential litigation concerning the WARN rights of the Class Members will avoid multiplicity of suits, conserve judicial resources and the resources of the Parties, and is the most efficient means of resolving the WARN Act rights of all class members; and

(d) Administration of this action as a class action will not be complicated or difficult because the names and addresses of the Class Members and their alleged damages have been established and calculated from Defendants' books and records.

## THE UNDERSIGNED COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL

13. The Parties seek appointment of Murphy Anderson PLLC and the Maurice & Jane Sugar Law Center for Economic & Social Justice ("Class Counsel") as class counsel under Federal Rule of Civil Procedure 23(g). Rule 23(g) enumerates the following factors a court must consider when appointing class counsel: "(i) work counsel has done in identifying or investigations potential claims in the action; (ii) counsel's experience in handling class actions,

other complex litigation, and claims of the type asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class." Fed. R. Civ. P. 23(g)

14. Class Counsel spent approximately 200 hours investigating the potential claims in this action prior to filing suit in this Court. Since filing, Class Counsel has expended approximately 300 additional hours in the prosecution of this matter.

15. Murphy Anderson PLLC has decades of experience in prosecuting complex employment law class and collective actions. The Maurice & Jane Sugar Law Center for Economic & Social Justice is a Detroit-based national nonprofit, public interest law center. Since its founding in 1991, the Sugar Law Center has been engaged in its Plant Closing and WARN Act litigation project. The Sugar Law Center is frequently consulted by federal, state, and local government officials and departmental employees regarding application of the WARN Act. The Sugar Law Center's Legal Director, John Philo, has actively participated in WARN Act litigation for approximately 10 years and its Lead Attorney, Anthony Paris, has done so for approximately 7 seven years. The Sugar Law Center has represented thousands of dislocated workers in WARN Act litigation throughout the nation in class actions lawsuits and the Sugar Law Center's attorneys have been appointed class counsel in more than a dozen lawsuits.

16. Class Counsel is knowledgeable about the WARN Act.

17. Class Counsel has sufficient resources to commit to representing the class.

18. Class Counsel will fairly and adequately represent the interests of the class.

### THE REPRESENTATIVE PLAINTIFFS SHOULD BE APPOINTED AS CLASS REPRESENTATIVES

19. The undersigned request that the Representative Plaintiffs be appointed as class representatives for purposes of settlement. The Representative Plaintiffs have been diligent and

active in pursuing the class claim and have worked closely with the undersigned in initiating and prosecuting the action; the Representative Plaintiffs have no conflict of interest with other Proposed Settlement Class members; and the Representative Plaintiffs have and will continue to fairly and adequately represent the interests of the class. For these reasons and for purposes of settlement, the undersigned ask that the Representative Plaintiffs be appointed as class representatives.

## THE SETTLEMENT

19. Representative Plaintiffs and Defendants ask the Court to approve the Settlement Agreement and Release for the following reasons:

(a) The Settlement Agreement and Release reflects the results of arms' length, good faith negotiations.

(b) The Settlement Agreement and Release reflects the recognition by the Parties that there are significant, complex issues regarding the application of the WARN Act, and the various cases and regulations interpreting the WARN Act, to the facts of the case. In this regard, Representative Plaintiffs and Defendants disagree as to whether Defendants have any obligation or liability under the WARN Act with respect to the Class Members' claims.

(c) To avoid further, extensive, costly litigation and trial over these issues, Plaintiffs and Defendants, through their respective counsel, engaged in significant negotiations during the March 22, 2017 Settlement Conference regarding a possible consensual resolution of this litigation.

(d) As a result of the Parties' negotiations, and as fully set forth in the Settlement Agreement and Release, the Parties wish to fully and finally compromise,

settle, and resolve any and all demands, claims, damages, and causes of action, present or future, relating to the WARN Act, of the Class Members on the terms and conditions set forth in the Settlement Agreement and Release.

(e) The Parties reasonably believe that the Class Members should consist of 166 individuals who are former employees of Sanz School, Inc. and Radians College, L.L.C. who worked at or reported to: (1) 6565 Arlington Blvd., Ste. 100, Falls Church, VA 22042; (2) 529 14th Street, NW, Washington, D.C. 20045; (3) 1100 Wayne Ave., Ste. 100, Silver Spring, MD 20910; and (4) 1025 Vermont Ave., NW, Washington, D.C. 20005 who suffered an employment loss due to the campus closings in August and September 2016 and would be considered affected employees within the meaning of 29 U.S.C. § 2101(a)(5) if any Defendant was found liable under the WARN Act. The Parties believe that all individuals who satisfy the above definition are listed on Exhibit A to the Settlement Agreement and Release.

(f) Under the Settlement Agreement and Release, Defendants shall pay a total sum of $100,000.00 (the "Settlement Payment"). The Settlement Payment is to be paid in a single installment within fourteen (14) days of the Court's final approval of the settlement in this matter. Class Members shall receive $60,000.00 of this Settlement Payment, to be distributed *pro rata*. From this, Representative Plaintiffs shall each receive $3,000.00, which is inclusive of their *pro rata* share. Costs are to be reimbursed to Class Counsel in the amount of $7,245.29, which is inclusive of $4,800.00 for a third party claims administrator. The remainder, $32,754.71 is paid to Class Counsel as attorney's fees. This amount is less than one-third of the total attorney's fees Class Counsel incurred in prosecuting this litigation and does not take into account future

attorney hours necessary to bring this matter to conclusion and is therefore both fair and reasonable. It is agreed that the Class Members and Class Counsel shall be responsible for the payment of any and all federal, state, and local taxes which may become due in connection with such payment to them. The Settlement Payment shall be made in the form of a check to Class Counsel's IOLTA account, which shall then be distributed by a third party claims administrator to the Class Members in the appropriate amounts.

(g) Any distributions which are not cashed or deposited within one hundred and eighty (180) days of their date of issuance shall be deemed residual funds (the "Residual Funds") on the 181st day following the settlement distributions. The Residual Funds will be first used to make distributions to additional class members, if any, that may be identified after distribution and who fall within the Class Member definition set forth in Paragraph 19(e) above,[2] but who did not appear on Exhibit A to the Settlement Agreement. If any Residual Funds remain after distribution to these additional class members, then the collective amount shall be utilized by Class Counsel for unreimbursed costs. In the event the Residual Funds exceed the unreimbursed costs, the overage shall be donated to a charity of the majority of Representative Plaintiffs' choosing.

(h) The Parties agree that, for settlement purposes, the Representative Plaintiffs should be named as Class Representatives and Murphy Anderson PLLC and the Maurice & Jane Sugar Law Center for Economic & Social Justice should be appointed Class Counsel.

(i) The Parties agree that, should the proposed Agreement not be approved by the Court, none of the representations contained in this Motion or the Settlement

---

[2] The definition of the Class Members in Paragraph 19(e) is verbatim the Settlement Class definition contained in the Settlement Agreement and Release.

Agreement and Release shall be admissible against the party making it and no Party shall be precluded from raising any argument or defense in any further proceeding in this matter or any other matter relating to the subject of this proceeding.

## **CONTENTS OF THE CLASS NOTICE**

20. The Parties submit that the proposed Notice to Class, a copy of which is attached to this Motion as Exhibit 2, meets the requirements of Fed. R. Civ. P. 23(c)(2)(B). That Rule, in pertinent part, provides:

> The notice must concisely and clearly state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues or defenses; (iv) that a class member may enter an appearance through counsel if the member so desires; (v) that the Court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(b).

21. The proposed notice satisfies each of the foregoing requirements. The notice states the nature of the action, the class definition, the class claims, and the issues and defenses. The notice states that a class member may enter an appearance through counsel, may elect to opt-out of the class, and that the Settlement Agreement and Release, if approved, will be binding on all class members. The notice sets forth the terms of the Settlement Agreement and Release and the right of each class member to object to the Settlement Agreement and Release. *See* Rule 23(e)(4)(A). The notice summarizes the nature of the pending WARN Act litigation and the

Settlement Agreement and Release's essential terms. The notice apprises the class that, among other things, complete information regarding the Settlement Agreement and Release is available upon request from Class Counsel and that any class member may appear and be heard at the hearing on approval of the Settlement Agreement and Release. In addition, the notice informs the Class Members of the request for the approval of attorneys' fees and costs of litigation to Class Counsel. *See* Fed.R.Civ.P. 23(h).

## MANNER OF NOTICE

22. As to the manner of giving notice, Rule 23(c)(2)(B) provides, in pertinent part, as follows: "For any class certified under Rule 23(b)(3) the Court must direct to class members the best notice practicable under the circumstances including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

23. An individual mailing to each class members' last known address has been held to satisfy the "best notice practicable" test. *Eisen v. Carlisle & Jacquelin et al.*, 417 U.S. 156, 173 (1974) (individual mailings satisfy Rule 23 (c)(2)); *Leitz v. Kraft Foods Group, Inc.*, No. 3:15-CV-262-HEH, 2016 WL 1043021, at *1 (E.D. Va. Mar. 10, 2016) (finding notice by United States mail, postage prepaid, to be the "best notice practicable under the circumstances and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process and applicable law.").

24. The Settlement Agreement and Release provides that Class Counsel will mail the notice by first class mail, postage prepaid, to the last known address of the Class Members. The mailing and the fairness hearing will be timed so that the class members will have not less than 30 days from the date of the mailing to opt-out of the class, to object to the Settlement

Agreement and Release and to appear by counsel. The Parties submit that giving notice in this manner satisfies the "best notice practicable" test.

25. Class Counsel proposes to distribute by first class mail, to the last known address of each of the Class Members, notice to all Class Members of class certification and the motion seeking approval of the Settlement Agreement and Release. In the case of any returned envelopes, Class Counsel proposes to mail the notice to such corrected addresses as Class Counsel may be able to obtain from a national database to which Class Counsel subscribes or as Class Counsel may otherwise obtain, or to contact said class members via their last known phone number.

## THE SETTLEMENT SHOULD BE APPROVED AS FAIR, REASONABLE, AND ADEQUATE TO THE CLASS PURSUANT TO RULE 23

26. This Court has broad discretion in determining whether the proposed settlement should be approved. Settlement of class action litigation is strongly favored as a matter of public policy. *U.S. Oil & Gas v. Wofson*, 967 F.2d 489, 493 (11th Cir. 1992) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

27. Fairness of a class action settlement is within the sound discretion of the District Court and will be reversed only where there is a clear showing of an abuse of discretion. *In re Jiffy Lube Securities Litigation*, 927 F. 2d 155, 158 (4th Cir. 1991). Courts have developed a common test for settlement approval: whether the settlement is (1) fair, adequate, and reasonable, and (2) not the product of collusion between the parties. *See id* at 158-59; *Cotton*, 559 F.2d at 1330. There is a strong judicial policy in favor of settlement in order to conserve scarce resources that would otherwise be devoted to protracted litigation. *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). The judgment of experienced counsel is relevant to approval.

*Singletary v. Sterling Transport Company, Inc.*, No. 2:12cv298, 2012 WL 12875517 at *3 (E.D. Va. Dec. 14, 2012) (citing *Cotton*, 559 F.2d at 1331).

28.     Engaging in additional discovery, motions practice, and potentially trial will be costly for the Parties, will further delay closure, and will lead to the depletion of the resources used to resolve this matter.  To prevail, Plaintiffs would have to prove:

(a)     Defendants, alone or in some combination, employed 100 or more full-time employees at the time of the WARN event;

(b)     A plant closing or mass layoff occurred;

(c)     The four non-contiguous campuses, alone or in some combination, constituted a "single site of employment" so as to result in an employment loss of 50 or more full-time employees;

(d)     Excellere is a "single employer" with the other Defendants;

(e)     Each of the Med Tech Defendants is a "single employer" with the other Defendants;

(f)     The "unforeseen business circumstances" exception to the WARN Act does not apply;

(g)     No Defendant is entitled to the good-faith exception to the WARN Act;

(h)     Defendants failed to give 60 days advance written notice to the class members of the plant closing or mass layoff; and

(i)     Any notice given to the employees was defective or deficient under the WARN Act and does not relieve Defendants of the obligation to provide 60 days advance written notice and does not entitle Defendants to any setoffs.

29. For the reasons discussed above, the Settlement Agreement and Release clearly falls within the range of reasonable litigation possibilities as there is a chance Defendants (if found to be liable) could be liable in far excess of $100,000.00; and the class, if unsuccessful, could receive nothing if Defendants prevail on their defenses. As with any litigation, the outcome over the allowance and amount of claims is uncertain and there exist significant issues of law and fact in the event this matter proceeds to trial. Under the proposed settlement, Class Members can be guaranteed an amount that Class Counsel believes is a sum that is approximately four and a half percent of their theoretical maximum claim for 60 working days of wages. Defendants can cap their exposure at the same amount, in addition to avoiding further costly litigation.

30. The amounts paid in attorney's fees and costs are both fair and reasonable. The Settlement Agreement calls for payment of $7,245.29 in actual costs, which is inclusive of $4,800.00 for a third party claims administrator, and $32,754.71 in attorney's fees. This fee amount is less than one-fourth of the total fees Class Counsel incurred in prosecuting this litigation, and does not take into account future attorney hours and costs necessary to bring this matter to conclusion. As of May 2, 2017, Class Counsel expended approximately 433 attorney hours and 42 paralegal hours. Applying Class Counsel's ordinary rates in similar cases, Class Counsel calculates this to equal attorney's fees of approximately $161,953.77.[3] Class Counsel

---

[3] Class Counsel's ordinary rates in similar cases is based on the *Laffey* Matrix, which while not controlling on this Court, is considered a useful starting point for determining a reasonable hourly rate. *See Newport News Shipbuilding & Dry Dock Co. v. Holiday*, 591 F.3d 219, 229 (4th Cir. 2009). Class Counsel's fees are less than those set forth in the *Vienno Metro* Matrix, which was endorsed in employment cases in the Eastern District of Virginia in *Taylor v. Republic Services, Inc.*, No. 1:12-cv-00523-GBL, 2014 WL 325169, at *5 (E.D. Va. Jan. 29, 2014). Moreover, Class Counsel's fee is approximately 32.7% of the overall recovery, which is less than the 33-40% customarily charged by other attorneys representing clients on a contingency fee basis.

spent significant time investigating the claims prior to bringing suit, interviewing nearly fifty potential class members, researching novel issues in the WARN Act and corporate veil piercing, and drafting the complaint and defending against a motion to dismiss.  In preparation for mediation, Class Counsel drafted a mediation brief setting forth the factual and legal arguments in detail.  Class Counsel expended substantial time reviewing and analyzing Defendants' payroll records and preparing estimated damages calculations in anticipation of mediation.  During and after mediation, Class Counsel engaged in extensive negotiations over the Settlement Agreement and Release and prepared the papers for approval of the Settlement.  Law clerks and paralegals provided essential support in converting Defendants' time and payroll records into a programmable excel spreadsheet, and programming complex formulae to calculate damages and settlement payment amounts.  The payment of $32,754.71 in attorneys' fees and costs will compensate Class Counsel at a rate that is far below its normal rates and the rate at which Class Counsel has been awarded in employment cases in the past.

31.     In addition, the Med Tech Defendants represent that they do not have the financial resources to pay any amount, even if Plaintiffs were to obtain a judgment after a trial. The Med Tech Defendants represent that the entities are no longer in business after the campus closures and are in dire financial circumstances as a result.  Class Counsel believes that the amount of the settlement in this case is appropriate, fair, and reasonable based on the facts known.

32.     Murphy Anderson and the Maurice & Jane Sugar Law Center for Economic Justice (counsel for Plaintiffs) and Winston & Strawn LLP (counsel for Defendant Excellere Partners, LLC) have extensive experience handling class action employment cases.  The Law Offices of Charles B. Molster, III PLLC (counsel for the Med Tech Defendants) has extensive experience handling complex litigation matters in federal and state courts.  The settlement

reached by the parties is the result of arms-length negotiations between experienced practitioners.

33. The Settlement Agreement and Release is in the best interest of the Parties.

34. Accordingly, the Parties respectfully request the Court to preliminarily approve the Settlement Agreement and Release. The Parties respectfully submit that the Court should set a final fairness hearing, subject to the Court's calendar, no sooner than 60 days after the order preliminarily approving the Settlement Agreement and Release between the Parties. At the final fairness hearing, the Court should finally approve the Settlement Agreement and Release based on the aforementioned grounds. Accordingly, the Parties respectfully request the Court to schedule a hearing for the final consideration and approval of the of the Settlement Agreement and Release.

35. All Representative Plaintiffs have agreed to the terms and conditions outlined in the Settlement Agreement and Release by written signature. *See* Exhibit 1.

WHEREFORE, the Parties respectfully request that the Court enter the proposed form of Order, attached to this Motion as Exhibit 3: (1) Granting Class Certification for Purposes of Settlement Only; (2) Appointing of Class Representatives and Class Counsel; (3) Granting Preliminary Approval of the Settlement Agreement between Plaintiffs, on behalf of themselves and the Settlement Class, and Defendants; (4) Granting Approval the Form and Manner of Notice to Class; (5) Scheduling of a Final Fairness Hearing for the final consideration and approval of the Settlement; and (6) Granting Final Approval of the Settlement (the "Joint Motion").

Dated: June 06, 2017

/s/
Mark Hanna (VA Bar No. 45442)
Rachel Capler, *Pro Hac Vice*
Murphy Anderson PLLC
1401 K Street NW, Suite 300
Washington, DC 20005
Tel. (202) 223-2620
Fax (202) 296-9600
*mhanna@murphypllc.com*
*rcapler@murphypllc.com*

John Philo, *Pro Hac Vice*
Anthony Paris, *Pro Hac Vice*
Maurice & Jane Sugar Law Center
for Economic & Social Justice
4605 Cass Ave., Second Floor
Detroit, MI 48201
Tel. (313) 993-4505
Fax: (313) 887-8470
*jphilo@sugarlaw.org*
*tparis@sugarlaw.org*

**Counsel for Plaintiffs**

Respectfully Submitted,

/s/
Andrew C. Nichols (VA Bar No. 66679)
Mary M. Lenahan
Christopher E. Mills
Winston & Strawn LLP
1700 K Street NW
Washington, DC 20006
Tel. (202) 282-5000
*anichols@winston.com*

William C. O'Neil
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
Tel. (312) 558-5600
*woneil@wintson.com*

**Counsel for Defendant Excellere Partners**

/s/
Charles B. Molster III (VA Bar No. 23613)
The Law Offices of Charles B. Molster III
2141 Wisconsin Ave. NW, Suite M
Washington, DC 20007
Tel. (202) 787-1312
*cmolster@molsterlaw.com*

**Counsel for Defendants Med Tech College, LLC; Sanz School, Inc.; Radians College, L.L.C.; JTC Education, Inc.; and JTC Education Holdings, Inc.**