UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| MICHAEL DETTLING, LADONNA LINDSEY, PATRICIA OWENS, KIMBERLY PERRY, and MICHAEL ZDANOVICH, on behalf of themselves and a class of similarly situated former employees of Defendants,<br><br>Plaintiffs,<br><br>v.<br><br>MEDTECH COLLEGE, LLC, SANZ SCHOOL, INC., RADIANS COLLEGE, LLC, JTC EDUCATION, INC., JTC EDUCATION HOLDINGS, INC., and EXCELLERE PARTNERS, LLC,<br><br>Defendants. | Case No. 1:17-cv-00009 AJT-MSN<br>Hon. Anthony J. Trenga |

### ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

The Court has considered the Joint Motion for an Order granting Final Approval of the Settlement [Dkt. No. 48] and the attachments thereto, and the entire record herein, it is hereby ORDERED that:

1. The Court finally finds for purposes of settlement—and only for such purposes—that questions of law and fact common to class members predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. Accordingly, the Court finally certifies a class for purposes of effectuating the Settlement Agreement reached between the parties defines as all former employees of Sanz School, Inc. and Radians College, L.L.C. who worked at or

reported to: (a) 6565 Arlington Blvd., Ste. 100, Falls Church, VA 22042; (b) 529 14th Street, NW, Washington, D.C. 20045; (c) 1100 Wayne Ave., Ste. 100, Silver Spring, MD 20910; and (d) 1025 Vermont Ave., NW, Washington, D.C. 20005 who suffered an employment loss due to the campus closings that occurred in August and September 2016 and would be considered affected employees within the meaning of 29 U.S.C. § 2101(a)(5) if any Defendant was found liable under the WARN Act.

2. The terms of the Settlement Agreement [Dkt Nos. 48-1 & 52-1] are finally approved. The Court finds that the Settlement Agreement was reached after arm's-length negotiations between the parties and that the Settlement Agreement is adequate, fair, reasonable, and in the best interest of the class members.

3. The Court approves Named Plaintiff's Service Payments as fair and reasonable to compensate them for their time and effort in this litigation.

4. The Claims Administrator selected by Plaintiffs shall distribute all proceeds to the class pursuant to the Settlement Agreement.

5. The Court finds class counsel's application for attorneys' fees and costs pursuant to the Settlement Agreement to be fair and reasonable and approves class counsel's application for attorney's fees and costs.

6. This case is dismissed with prejudice.

7. The Court shall retain jurisdiction over this case purposes of enforcing the terms of the Settlement Agreement, if necessary.

Nothing in this Order is intended to or does alter any of the terms agreed by the parties in the Settlement.

SO ORDERED.

DATED: Aug. 8, 2017

/s/
Anthony J. Trenga
United States District Judge

Hon. Anthony J. Trenga
United States District Court Judge